

# Fourth Court of Appeals
## San Antonio, Texas

September 17, 2014

No. 04-14-00606-CV

**ARGO GROUP US, INC.**, Colony Management Services, Inc., Colony Insurance Company, Colony National Insurance Company, Colony Specialty Insurance Company, Colony Agency Services, Inc., and Argo Group International Holdings, Ltd.,
Appellants

v.

Louis D. **LEVINSON**, International Financial Group, Inc., Guilford Specialty Group, Inc., Guilford Insurance Company, and The Burlington Insurance Company,
Appellees

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-09550
Honorable Antonia Arteaga, Judge Presiding

# O R D E R

On September 9, 2014, a Texas attorney for certain appellees filed an unopposed motion requesting this court to permit a non-resident attorney to appear for the certain appellees in this court *pro hac vice* with regard to Appellate Cause No. 04-14-00606-CV. Although the motion is unopposed, we must deny the motion because it is not in compliance with Rule XIX of the Rules Governing Admission to the State Bar of Texas.

To begin, the Rule contemplates *two* separate motions, one from the resident, sponsoring attorney and one from the attorney seeking admittance *pro hac vice*. TEX. RULES GOVERN. BAR ADM'N R. XIX(a), (b) (stating non-resident attorney shall file with court written, sworn motion requesting permission to participate in particular case; stating motion of non-resident attorney shall be accompanied by motion of resident practicing Texas attorney with whom non-resident attorney shall be associated in proceeding of particular cause). Here, there was no motion from the non-resident attorney, and although the sponsoring Texas attorney included some of the information required by Rule XIX(a), not all of the information was included.

The motion of the non-resident attorney, which is a separate motion from the sponsoring attorney, must be *sworn* and contain: (1) his office address, telephone number, and facsimile number; (2) the name and State Bar card number of a licensed Texas attorney with whom he will be associated, along with the Texas attorney's office address, telephone number, and facsimile number; (3) a list of all cases and causes, including cause number and caption, in Texas courts in

which the non-resident attorney has appeared or sought to leave to appear or participate in within the past two years; (4) a list of jurisdictions in which the non-resident attorney is licensed, including federal courts, and a statement that he is an active member in good standing in each of those jurisdiction; (5) a statement that the non-resident attorney has or has not been the subject of disciplinary action by the Bar or courts of any jurisdiction in which he is licensed with the preceding five years, and a description of any such disciplinary actions; (6) a statement that the non-resident attorney has or has not been denied admission to the courts of any State or federal court during the past five years; (7) a statement that the non-resident attorney is familiar with the State Bar Act, the State Bar Rules, and the Texas Disciplinary Rules of Professional Conduct of Texas, and will abide by and comply with the Act and Rules so long as the Texas proceeding is pending and the non-resident attorney has not withdrawn from such proceeding. *Id.* R. XIX(a). Admittedly, the Texas attorney included an exhibit to her motion, noting the non-resident filed his Application for Pro Hac Vice Admission and paid the required fee. However, the letter acknowledging the filing of the application and payment of the fee specifically noted this was but a first step, and the non-resident attorney was required to file a sworn motion in compliance with Rule XIX. As noted, there was no separate, sworn motion filed in this court by the non-resident attorney. Thus, no compliance with Rule XIX(a).

Accordingly, because the request to appear *pro hac vice* does not comply with all of the mandates of Rule XIX, we **DENY** the request.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of September, 2014.

_____
Keith E. Hottle
Clerk of Court